UTICA,
Aug. 1828.

St. John
*ads.*
Hubbard.

WORDEN, impleaded, &c. *ads.* THE PRESIDENT, &c. of the
BANK OF ORANGE COUNTY.

A rule to shew cause why an attachment should not issue, will be granted against the cashier of a bank for the non-payment of costs awarded against the bank.

A RULE for costs was granted against the bank, on the setting aside of a *ca. sa.* for irregularity, issued against the defendant. The costs were taxed, and payment demanded of the president and cashier of the bank, who refused to pay. A motion was now made for an attachment, and the court were asked to direct against whom the same should go.

*By the Court,* SAVAGE, Ch. J. The cashier of a monied institution having charge of its funds, we grant a rule that the cashier of the Orange County Bank pay the costs taxed in this case, or shew cause, by the first day of the next term, why an attachment should not issue against him.

---

ST. JOHN *ads.* HUBBARD.

An attachment for non-payment of costs ordered by rule, will not be granted, unless a copy of the bill of costs be served at the time of the demand.

THIS was a motion for attachment for non-payment of costs ordered by rule of court. A certified copy of the rule and taxed bill were shewn to the person against whom the attachment was asked, and payment demanded, but a copy of the bill of costs was not delivered to him; which was now urged in opposition to the motion.

*Root,* for the motion.

*J. A. Spencer,* contra.

*By the Court,* SAVAGE, Ch. J. The objection is well taken. There is a diversity of practice in this particular; in some instances a copy of the taxed bill is served, in others, not. For the future, the court will require that a copy of the bill of costs be served at the time the original is shewn and payment demanded. The motion is denied.